# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| **CAPITAL AUTO BROKERS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| **ATLANTIC ACCEPTANCE CORP. and** ) | |
| **RYAN LITTLE,** ) | |
| ) | |
| **Defendants.** ) | |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

Capital Auto Brokers, LLC (hereafter, "CAB") hereby file this verified complaint and petition for preliminary injunction against Atlantic Acceptance Corp. (hereafter, "AAC") and Ryan Little (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1. This is an action for fraud, breach of fiduciary duty and conversion stemming from Defendants' failure to provide CAB with funds to which it is entitled following the sale of several vehicles.

2. This is also an action seeking injunctive and post-judgment relief against Defendants' which are currently unlawfully holding funds belonging to CAB, and as a result thereof, causing permanent and irreparable harm to CAB's business.

## PARTIES

3. Capital Auto Brokers, LLC is a limited liability company organized under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.

4. Atlantic Acceptance Corp. is a domestic for profit corporation organized under the laws of the State of Florida, with its principal office located at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm Beach County, Florida 33401, and may be served by serving its registered agent Valentin Rodriguez at 2465 Mercer Avenue, Suite 301, West Palm Beach, Palm Beach County, Florida 33401.

5. Ryan Little is an individual resident of the State of Florida, and may be served at his place of business at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm Beach County, Florida 33401.

## JURISDICTION AND VENUE

6. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

8. On June 4, 2022, non-party R***** Joseph purchased an Acura RDX from CAB for $48,967.00, of which $46,467.00 was financed (Mr. Joseph's full name is redacted for his privacy).

9. The previous day, June 3, 2022, AAC had approved Mr. Joseph's financing per Loan Number ***1010 (redacted for the privacy of Mr. Joseph).

10. Per the terms of the lending agreement between AAC and Mr. Joseph, Mr. Joseph was to pay AAC seventy-two (72) consecutive payments of $1,140.11.

11. Per the terms of the agreement between AAC and CAB, upon approval and final execution of the sales documents, AAC was to fund CAB the financed amount of $46,467.00 on behalf of Mr. Joseph.

12. The agreement between AAC and CAB did not require Mr. Joseph to make any payments for funding to begin.

13. Nonetheless, Mr. Joseph has made all of his regular payments in the amount of $1,140.11 to AAC.

14. CAB released the vehicle to Mr. Joseph and caused the title of the vehicle to be placed into Mr. Joseph's name with AAC as the lien holder.

15. Despite this, AAC has failed to fund CAB.

16. Like many car dealerships, CAB operates on a "floor plan" financing system through non-party ACV Capital.

17. In essence, ACV Capital allows CAB to purchase vehicles for placement on its floor plan, and when CAB sells the vehicles, CAB is required to pay ACV Capital its proceeds from the floor plan loan.

18. For the Acura RDX that was sold to Mr. Joseph, CAB is required to pay ACV Capital $41,103.00.

19. On July 18, 2022, due to the failure to fund by AAC, ACV Capital issued a notice of default and demand for payment to CAB.

20. Moreover, this failure to pay has threatened to permanently damage or terminate CAB's relationship with ACV Capital.

21. Like most small car dealerships, CAB operates on slim margins and is not able to fund the $41,103.00.

22. Ryan Little is the principal of AAC and personally benefits from its success.

23. Throughout June and July of 2022, AAC (through its agent Dave Leach) and Mr. Little promised to fund CAB with the missing $46,467.00 from the Joseph sale.

24. On July 11, 2022, Mr. Little personally promised CAB that the $46,467.00 would be funded shortly.

25. Mr. Little promised again on July 13, 2022.

26. Mr. Little also provided CAB with an undated funding letter for CAB to use to assure ACV Capital that funding would be coming in.

27. No funding has come in whatsoever, but Mr. Joseph continues to pay AAC for the loan.

28. As a result of Defendants' failure to fund CAB with the $46,467.00, which has gone on since June of 2022, CAB has suffered the extreme harm of not having access to their funds causing it to fall into default with ACV Capital.

29. The continued nonpayment causes CAB to have suffered, and to continue to suffer, irreparable harm in the form of permanent damage to its floor plan.

30. Ordering the AAC to fund the Joseph deal in the amount of $46,467.00 will not result in any harm to AAC, as Mr. Joseph has been making consistent payments and AAC has not raised any allegation of concern over Mr. Joseph's ability to pay.

31. CAB is certain to prevail on the merits against Defendants, as AAC approved Mr. Joseph's loan, CAB titled and provided the vehicle to Mr. Joseph, and Mr. Joseph has made regular payments for the vehicle.

32. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

33. CAB now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Joseph funds in the amount of $46,467.00.

34. Plaintiffs have made numerous demands of all Defendants pursuant to the factual statements made herein, and although Defendants have agreed to release the funds, no funds have been released.

## COUNT I
### Fraud
### Against All Defendants

35. CAB restates paragraphs 1-34 and incorporates said paragraphs herein by reference.

36. AAC approved the Joseph loan on June 3, 2022.

37. AAC and Mr. Little also repeatedly assured CAB that it would fund the Joseph loan in a timely fashion, which induced CAB to release the vehicle to Mr. Joseph.

38. After CAB released and titled the vehicle to Mr. Joseph, Defendants failed to fund the loan.

39. CAB has been damaged by this failure to fund in the amount of $46,467.00 in lost revenues, but also in the loss of its floor plan with ACV Capital, which has led to a complete cessation of business, resulting in damages well in excess of $500,000.00.

40. Defendants are liable to CAB for fraud in the amount of at least $546,467.00.

## COUNT II
### Breach of Fiduciary Duty
### Against All Defendants

41. CAB restates paragraphs 1-40 and incorporates said paragraphs herein by reference.

42. AAC approved the Joseph loan on June 3, 2022.

43. AAC and Mr. Little also repeatedly assured CAB that it would fund the Joseph loan in a timely fashion.

44. Mr. Joseph made timely payments to AAC for the loan.

45. After CAB released and titled the vehicle to Mr. Joseph, Defendants failed to fund the loan.

46. In agreeing to fund the loan subject to the Joseph deal, Defendants became fiduciaries of the $46,467.00 held on behalf of CAB to be released to CAB.

47. In failing to fund the loan, Defendants breached their fiduciary duty to CAB.

48. CAB has been damaged by this breach of fiduciary duty in the amount of $46,467.00 in lost revenues, but also in the loss of its floor plan with ACV Capital, which has led to a complete cessation of business, resulting in damages well in excess of $500,000.00.

49. Defendants are liable to CAB for breach of fiduciary duty in the amount of at least $546,467.00.

## COUNT III
### Conversion
### Against All Defendants

50. CAB restates paragraphs 1-49 and incorporates said paragraphs herein by reference.

51. AAC approved the Joseph loan on June 3, 2022.

52. AAC and Mr. Little also repeatedly assured CAB that it would fund the Joseph loan in a timely fashion.

53. Mr. Joseph made timely payments to AAC for the loan.

54. After CAB released and titled the vehicle to Mr. Joseph, Defendants failed to fund the loan.

55. In agreeing to fund the loan subject to the Joseph deal, Defendants became bailors of the set fund of $46,467.00 held on behalf of CAB to be released to CAB.

56. In failing to remit payment of the set fund of $46,467.00 held on behalf of CAB, Defendants converted the set fund of $46,467.00 to their own use.

57. CAB has made repeated demand for the set fund of $46,467.00, but Defendants have failed to provide the funds.

58. CAB has been damaged by this conversion in the amount of $46,467.00 in lost revenues.

59. Defendants are liable to CAB for conversion in the amount of $46,467.00.

## COUNT IV
### Preliminary Interlocutory Injunction
### Against All Defendants

60. CAB restates paragraphs 1-59 and incorporates said paragraphs herein by reference.

61. Defendants are in improper possession of $46,467.00 which is earmarked for CAB.

62. As a result of this failure to remit the $46,467.00, which has existed since June of 2022, CAB has suffered the extreme harm of not having access to the funds, but more so the loss of its floor plan with ACV Capital.

63. The continued failure to remit the funds causes CAB to have suffered, and to continue to suffer, irreparable injury and harm.

64. Ordering the release of the funds by Defendants will not result in any harm to Defendants, as Mr. Joseph has been making consistent payments and AAC has not raised any allegation of concern over Mr. Joseph's ability to pay.

65. CAB is certain to prevail on the merits against Defendants.

66. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

67. CAB now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Joseph funds in the amount of $46,467.00.

68. A preliminary interlocutory injunction, ordering Defendants to release the $46,467.00 immediately, is proper.

## COUNT IV
### Attorneys' Fees
### Against All Defendants

69. CAB restates paragraphs 1-68 and incorporates said paragraphs herein by reference.

70. CAB has attempted to resolve this matter amicably.

71. Defendants have repeatedly rebuffed CAB's ovations.

72. CAB made formal demands, to which Defendants have not responded.

73. Defendants refused to resolve this matter reasonably.

74. Defendants have been stubbornly litigious.

75. CAB is entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Capital Auto Brokers, LLC prays for judgment as requested above against Defendants and further request:

   a. An award of damages as stated per this Complaint;

   b. Incidental and consequential damages;

   c. Punitive damages;

   d. Preliminary interlocutory injunctive relief;

   e. An award of attorneys' fees and costs in bringing and maintaining this action; and

   f. Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Capital Auto Brokers, LLC requests a trial by jury on all issues so triable.

Respectfully submitted, this 31st day of August, 2022.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        Florida Bar No. 0090488
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Capital Auto Brokers, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| **CAPITAL AUTO BROKERS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | Civil Action No. |
| **v.** | ) | |
| | ) | |
| **ATLANTIC ACCEPTANCE CORP. and** | ) | |
| **RYAN LITTLE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

STATE OF GEORGIA          )
                          )
COUNTY OF FORSYTH         )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Teshia L. Trahan, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon her personal knowledge and belief.

This 31st day of August, 2022.

_____
Teshia L. Trahan

Sworn to and subscribed before me this
31st Day of August, 2022.

_____
Notary Public           (SEAL)
My commission expires: 1-6-24